E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

ANITA D. ARMSTRONG, KATHERINE
J. ARTHUR, individually and on behalf of her
deceased husband, JOE ARTHUR, JULLAINE
BOUDREAUX, individually and on behalf of
her deceased husband, KENNETH J. BOUDREAUX,
ELIZABETH CARY, individually and on behalf of
her deceased mother, LUPE CHARRIER, THERESA
M. COMEAUX, THELMA DAUZAT, CAROL JEAN
DYKES, DUFFY M. FRANCOIS, LINDA T. FRIDAY,
VIRGINIA GASPARD, BARBARA GERAMI, CLARENCE
MCVAN, ROOSEVELT STRONG, ORA ANN THOMAS,
CLARA TILLOTSON, TAMMY VENABLE, ANNA
VICTORIAN, individually and on behalf of her deceased
husband, CURLEY F. VICTORIAN, and WILLIAM O.
TOOMBS,

CASE NUMBER 1747

CRB

**PLAINTIFFS,**

vs.                                          **CIVIL COMPLAINT**

PFIZER, INC., PHARMACIA CORPORATION,
and G.D. SEARLE, LLC

**DEFENDANTS.**

_____

## C O M P L A I N T

COMES NOW, the Plaintiffs, ANITA D. ARMSTRONG, KATHERINE, J. ARTHUR,

individually and on behalf of her deceased husband, JOE ARTHUR, JULLAINE BOUDREAUX,

individually and on behalf of her deceased husband, KENNETH J. BOUDREAUX, ELIZABETH

CARY, individually and on behalf of her deceased mother, LUPE CHARRIER, THERESA M.

COMEAUX, THELMA DAUZAT, CAROL JEAN DYKES, DUFFY M. FRANCOIS, LINDA T. FRIDAY, VIRGINIA GASPARD, BARBARA GERAMI, CLARENCE MCVAN, ROOSEVELT STRONG, ORA ANN THOMAS, CLARA TILLOTSON, TAMMY VENABLE, ANNA VICTORIAN, individually and on behalf of her deceased husband, CURLEY F. VICTORIAN, and WILLIAM O. TOOMBS, who respectfully represents:

## I.

1.    This is an action for damages suffered by Plaintiff as a direct and proximate result of Defendants' wrongful conduct including, but not limited to the design, manufacture, distribution, testing, labeling, failure to warn of harmful side effects, warranting, and sale of the prescription drug BEXTRA®.

## II.

## PARTIES

2.    Plaintiff, Anita D. Armstrong, is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

3.    Plaintiff, Katherine J. Arthur, individually and on behalf of her deceased husband, Joe Arthur, a person of the full age of majority and a resident of Franklin Parish, Louisiana.

4.    Plaintiff, Jullaine Boudreaux, individually and on behalf of her deceased husband, Kenneth J. Boudreaux, a person of the full age of majority and a resident of Vermillion Parish, Louisiana.

5.    Plaintiff, Elizabeth Cary, individually and on behalf of her deceased mother, Lupe Charrier, a person of the full age of majority and a resident of Rapides Parish, Louisiana.

6.    Plaintiff, Theresa M. Comeaux, is a person of the full age of majority and a resident of St. Landry Parish, Louisiana.

7.    Plaintiff, Thelma Dauzat, is a person of the full age of majority and a resident of Avoyelles Parish, Louisiana.

8.    Plaintiff, Carol Jean Dykes, is a person of the full age of majority and a resident of Ouachita Parish, Louisiana.

9.    Plaintiff, Duffy M. Francois, is a person of the full age of majority and a resident of St. Landry Parish, Louisiana.

10.   Plaintiff, Linda T. Friday, is a person of the full age of majority and a resident of Bossier Parish, Louisiana.

11.   Plaintiff, Virginia Gaspard, is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

12.   Plaintiff, Barbara Gerami, is a person of the full age of majority and a resident of Lafayette Parish, Louisiana.

13.   Plaintiff, Clarence McVan, is a person of the full age of majority and a resident of East Carroll Parish, Louisiana.

14.   Plaintiff, Roosevelt Strong,  is a person of the full age of majority and a resident of Rapides Parish, Louisiana.

15.   Plaintiff, Ora Ann Thomas, is a person of the full age of majority and a resident of St. Mary Parish, Louisiana.

16.   Plaintiff, Clara Tillotson,  is a person of the full age of majority and a resident of East Baton Rouge Parish, Louisiana.

17.   Plaintiff, Tammy Venable, is a person of the full age of majority and a resident of Lafayette Parish, Louisiana.

18.     Plaintiff, Anna Victorian, individually and on behalf of her deceased husband, Curley F. Victorian,  a person of the full age of majority and a resident of Allen Parish, Louisiana.

19.     Plaintiff, William O. Toombs, is a person of the full age of majority and a resident of Jefferson Parish, Louisiana.

20.     Defendant, Pfizer, Inc., ("Pfizer") is a Delaware corporation with its principal place of business in New York, New York.  In 2003, Pfizer acquired Pharmacia Corporation for nearly $60 billion.  At all relevant times, Pfizer and/or its predecessors in interest were engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling the drug Valdecoxib, under the trade name BEXTRA® in California, Oregon, Illinois and nationwide.

21.     Defendant G.D. Searle, LLC, formerly known as G.D. Searle & Co. ("Searle") is a Delaware Corporation with its principal place of business in Illinois.  At all relevant times, Searle has been engaged in the business of marketing and selling BEXTRA® nationwide and in California and Illinois.  Searle is a subsidiary of Pfizer, acting as its agent and alter ego in all matters alleged within this Complaint.

22.     Defendant Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business in New Jersey.  At all relevant times, Pharmacia, and its predecessors in interest have been engaged in the business of designing, testing, manufacturing, packaging, marketing, distributing, promoting, and selling BEXTRA® nationwide and in California and Illinois.

### III.

### JURISDICTION AND VENUE

23.     This is an action for damages, which exceeds seventy-five thousand dollars ($75,000.00).

24.     There is complete diversity of citizenship between the Plaintiffs and Defendants. This
Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity
jurisdiction) because the amount in controversy exceeds $75,000.00, and because there is
complete diversity of citizenship between Plaintiffs and Defendants.

25.     Venue is proper in this United States Judicial District pursuant to 28 U.S.C.A.§ 1391.
Defendants marketed, advertised and distribute the dangerous product in the district, thereby
receiving substantial financial benefit and profits the dangerous product in this district, and reside
in this district under 28 U.S.C.A. § 1391(c), such that venue is proper.

26.     At all relevant times herein, Defendants were in the business of designing, manufacturing,
marketing, developing, testing, labeling, promoting, distributing, warranting and selling their
product, BEXTRA®. Defendants at all times relevant hereto designed, developed,
manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate
commerce the aforementioned drug. Defendants do substantial business in the State of
California and within this Federal Judicial District, advertise in this district, receive substantial
compensation and profits from sales of BEXTRA® in this District, and made material omissions
and misrepresentations and breaches of warranties in this District so as to subject them to *in
personam* jurisdiction in this District. In engaging in the conduct alleged herein each defendant
acted as the agent for each of the other defendants, or those defendants' predecessors in interest.

## IV.

### INTERDISTRICT ASSIGNMENT

27.     Assignment to the San Francisco Division is proper as this action is related to *in Re:
Bextra and Celebrex Marketing Sales Prac. And Pro. Liab. Lit.*, MDL - 1699, assigned to the

Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

## V.

## FACTUAL ALLEGATIONS

28.    Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, BEXTRA®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in Louisiana.

29.    Plaintiff, Anita D. Armstrong, ingested BEXTRA® as prescribed from January 9, 2003 through approximately November 7, 2004. As a result of taking BEXTRA® , Plaintiff suffered a cerebral vascular accident (stroke) on October 18, 2004.

30.    Plaintiff, Joe Arthur (deceased), ingested BEXTRA® as prescribed from April 28, 2003 through approximately June 23, 2003. As a result of taking BEXTRA® , Plaintiff suffered a cerebral vascular accident (stroke) on April 28, 2003.

31.    Plaintiff, Kenneth J. Boudreaux (deceased), ingested BEXTRA® as prescribed from January 29, 2004 through approximately February 14, 2005. As a result of taking BEXTRA® , Plaintiff suffered a heart attack on February 14, 2005 resulting in death.

32.    Plaintiff, Lupe Charrier (deceased), ingested BEXTRA® as prescribed from April 14, 2003 through approximately August 11, 2004. As a result of taking BEXTRA® , Plaintiff suffered a heart attack on June 14, 2004 and a cerebral vascular accident (stroke) on July 26, 2004.

33.    Plaintiff, Theresa M. Comeaux, ingested BEXTRA® as prescribed from March 21, 2002 through approximately August 19, 2002. As a result of taking BEXTRA® , Plaintiff suffered a heart

attack on August 1, 2002.

34.    Plaintiff, Thelma Dauzat, ingested BEXTRA® as prescribed from May 6, 2002 through approximately October 19, 2004. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on October 7, 2002.

35.    Plaintiff, Carol Jean Dykes, ingested BEXTRA® as prescribed from November 1, 2002 through approximately March 29, 2004 and March 30, 2004 through July 24, 2004. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on May 2, 2003.

36.    Plaintiff, Duffy M. Francois, ingested BEXTRA® as prescribed from December 27, 2002 through approximately December 16, 2004. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on August 18, 2003.

37.    Plaintiff, Linda T. Friday, ingested BEXTRA® as prescribed from March 17, 2004 through approximately January 3, 2005. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on January 1, 2005.

38.    Plaintiff, Virginia Gaspard, ingested BEXTRA® as prescribed from January 6, 2004 through approximately June 17, 2004. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on April 12, 2004.

39.    Plaintiff, Barbara Gerami, ingested BEXTRA® as prescribed from February 5, 2003 through approximately December 21, 2003. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on December 21, 2003.

40.    Plaintiff, Clarence McVan, ingested BEXTRA® as prescribed from March 17, 2003 through approximately August 12, 2004. As a result of taking BEXTRA®, Plaintiff suffered a heart attack on May 26, 2004.

41.     Plaintiff, Roosevelt Strong,  ingested BEXTRA® as prescribed from June 21, 2004 through approximately January 15, 2004.  As a result of taking BEXTRA® , Plaintiff suffered a cerebral vascular accident (stroke) on June 21, 2004.

42.     Plaintiff, Ora Ann Thomas,  ingested BEXTRA® as prescribed from November 14, 2002 through approximately December 17, 2003.  As a result of taking BEXTRA® , Plaintiff suffered a heart attack on December 19, 2002.

43.     Plaintiff, Clara Tillotson, ingested BEXTRA® as prescribed from August 27, 2002 through approximately October 26, 2003.  As a result of taking BEXTRA® , Plaintiff suffered a cerebral vascular accident (stroke) on October 12, 2003 and December 19, 2003.

44.     Plaintiff, Tammy Venable,  ingested BEXTRA® as prescribed from August 29, 2002 through approximately September 19, 2003.  As a result of taking BEXTRA® , Plaintiff suffered from acute coronary syndrome on December 13, 2002.

45.     Plaintiff, Curley F. Victorian (deceased),  ingested BEXTRA® as prescribed from May 8, 2004 through approximately July 31, 2004.  As a result of taking BEXTRA® , Plaintiff suffered a heart attack on August 1, 2004.

46.     Plaintiff, William O. Toombs,  ingested BEXTRA® as prescribed from October 20, 2004 through approximately March 2, 2005.  As a result of taking BEXTRA® , Plaintiff suffered a heart attack on March 2, 2005.

47.     At all times relevant herein, Plaintiffs were unaware of the serious side effects and dangerous properties of the drug as set forth herein.

48.     The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendants as BEXTRA®.

Page 8 of  15

49.    BEXTRA® is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on November 16, 2001, for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults and painful menstrual cycles.

50.    As of March 2005, Pfizer, Inc. refused to withdraw BEXTRA® from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of BEXTRA®.

51.    Defendants materially breached its obligations to consumers, such as the Plaintiffs, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of BEXTRA®.

52.    Defendants expressly and/or impliedly warranted to the market, including the Plaintiffs, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that BEXTRA® was safe, effective, fit and proper for its intended use.

53.    Defendants were aware of the substantial risks from taking BEXTRA® but failed to fully disclose same.

54.    Defendants failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiffs, making the Defendants liable for the Plaintiffs' injuries.

## VI.

## FIRST CAUSE OF ACTION

## PRODUCTS LIABILITY

55.     Plaintiffs adopt and re-allege Paragraphs 1-54 above as if fully set forth herein.

56.     BEXTRA® was defective and unreasonably dangerous when it left the control of the

Defendants pursuant to the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq, in that:

>       (a)     The risk associated with the use of BEXTRA® far outweighed the utility
>       derived from using such medications;
>
>       (b)     Defendants failed to provide adequate warnings regarding the hazards
>       associated with the use of BEXTRA®;
>
>       (c)     BEXTRA® was defectively designed and unreasonably dangerous in design
>       and composition in that other medications could achieve similar results without the
>       risks presented by BEXTRA®; and
>
>       (d)     Defendants' BEXTRA® failed to comply with express and/or implied
>       warranty(ies) that its products were safe and effective products for human
>       consumption, upon which the Plaintiffs justifiably relied in electing to consume
>       BEXTRA®.

57.     Defendants were in the business of designing, developing, manufacturing, marketing,

distributing, testing, warranting and/or selling BEXTRA®.

58.     Plaintiffs further allege that Defendants sold and/or distributed BEXTRA® in a condition

that posed unreasonable risks from reasonably anticipated use. Plaintiffs aver that the

aforementioned product expected to and did reach the consumers, Plaintiffs, without substantial

change in condition from the time that it left the control of Defendants

59.     The defective condition(s) alleged herein rendered BEXTRA® unreasonably dangerous to Plaintiffs and proximately caused the injuries and damages for which recovery is sought.

60.     The risks associated with the use of BEXTRA® far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by the Plaintiffs without compromising its usefulness.

61.     Defendants knew, or in light of reasonably available knowledge should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary user or consumer of BEXTRA® would not realize such dangers.

62.     In using BEXTRA®, the Plaintiffs relied on the knowledge, skill, judgment, representations, and express and/or implied warranties of the Defendants. Had the Plaintiffs known of the actual dangers associated with the use of BEXTRA®, they would not have consumed it.

63.     Defendants neglected to provide Plaintiffs warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendants failed to provide warnings which accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of BEXTRA®. Had such warnings been provided, the injuries and damages sustained by Plaintiffs could have been avoided.

64.     Defendants failed to provide warnings which accurately advised an ordinary physician or other licensed professional who prescribes the drug of the scope, severity and likelihood of serious injury resulting from use of BEXTRA®.

65.    Plaintiffs contend that BEXTRA® failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harms sustained by Plaintiffs.

66.    Defendants are liable to Plaintiffs for the damages complained of herein for the respective designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling of BEXTRA®.

### COUNT II
### Violation Of Warranty Of Redhibition

67.    Defendants were aware that there was no evidence to suggest that BEXTRA® had any measurable efficacy to treat these uses greater than the unwarned risks associated with the ingestion of BEXTRA®.

68.    Also, because Defendants were also the manufacturer of BEXTRA®, Defendant is deemed to be aware of BEXTRA®'s redhibitory defects pursuant to LSA-C.C. art. 2545.

69.    Because there was no clinically significant evidence proving that BEXTRA®, considering its risks, had any particular efficacy in the treatment of Plaintiffs' symptoms, and Plaintiffs aver that Plaintiffs would not have purchased BEXTRA® had Plaintiffs known of its defects.

70.    Defendants are thus liable to the Plaintiffs under the theory of redhibition.

71.    Thus, the plaintiff is entitled to a return of any purchase price paid, including but not limited to insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and costs, non-pecuniary damages, as well as any other legal or equitable relief to which Plaintiffs may be entitled.

## DAMAGES

72.    Plaintiffs adopt and re-allege Paragraphs 1-71 above as if fully set forth herein.

73.    As a result of Defendants' acts, omissions and/or misconduct, Plaintiffs have suffered compensatory damages, which include, but are not limited to, the following, and are entitled to recover damages in an amount found to be reasonable at the trial of this matter:

      (a)    Stroke and related injuries;

      (b)    Heart attack and related injuries;

      (c)    Severe and permanent physical and mental injuries and associated disabilities;

      (d)    Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries;

      (e)    Wrongful death;

      (f)    Loss of enjoyment of life;

      (g)    Increased risk of health problems;

      (h)    Loss of past and future income;

      (i)    Past and future medical, rehabilitation, and life care expenses;

      (j)    Mental anguish and emotional trauma;

      (k)    Continued medical monitoring;

      (l)    Any and all other damages to be shown at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for and demands judgment of and from the Defendants, PFIZER, INC., G.D. SEARLE, LLC, and PHARMACIA CORPORATION for actual and compensatory damages in a reasonable amount to compensate Plaintiff, and Plaintiff further demands judgment of and from Defendants, PFIZER, INC., G.D. SEARLE, LLC, and

PHARMACIA CORPORATION together with pre-judgment interest, post-judgment interest and

all costs of this proceeding.

WHEREFORE, Plaintiffs pray:

1. That Defendants be required to answer this complaint after all legal delays

   have run, all in accordance with law;

2. That Plaintiffs recovers her costs for the prosecution of this action;

3. That the Court render judgment in favor of the Plaintiffs awarding all

   damages and relief as prayed for herein, including attorneys' fees, with all

   costs assessed against Defendants.

Respectfully submitted,

VANCE ANDRUS
ANDRUS, BOUDREAUX, LEMOINE & TONORE
P.O. Box 3347
416 West Main Street
Lafayette, LA 70502
Telephone: (337) 233-3075

BRYAN AYLSTOCK
JUSTIN WITKIN
AYLSTOCK, WITKIN, KREIS & SASSER, PLLC
4400 Bayou Blvd., Suite 58
Pensacola, FL 32503
Telephone: (850) 916-7450

DAWN BARRIOS
BRUCE KINGSDORF
BARRIOS, KINGSDORF & CASTEIX, LP
One Shell Square
701 Poydras Street, Suite 3650
New Orleans, LA 70139-3650
Telephone: (504) 524-3300

MATTHEW LUNDY
LUNDY & DAVIS, LLP
P.O. Box 3010
Lake Charles, LA 70602
Telephone: (337) 439-0707

NEBLETT, BEARD & ARSENAULT
RICHARD J. ARSENAULT - 2563
Attorneys at Law
Post Office Box 1190
Alexandria, LA 71309-1190
Telephone: (318) 487-9874

BY: _____
RICHARD J. ARSENAULT #2563

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Anita D. Armstrong, Katherin J. Arthur i/o/b/o Joe Arthur, Jullaine Boudreaux i/o/b/o Kenneth J. Boudreaux, et al

### DEFENDANTS

Pfizer, Inc., Pharmacia Corporation, G.D. Searle, LLC

**(b)** County of Residence of First Listed Plaintiff Rapides Parish, LA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard J. Arsenault
P.O. Box 1190
Alexandria, LA 71309-1190
(318) 487-9874

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus – | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 another district
(specify)

Transferred from

☒ 6 Multidistrict
Litigation 1699

Appeal to District
☐ 7 Judge from
Magistrate
Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

## VI. CAUSE OF ACTION

Brief description of cause:
BEXTRA MDL 1699

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE  3/31/08

SIGNATURE OF ATTORNEY OF RECORD