1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                       SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA         )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND    )
20  PRODUCTS LIABILITY LITIGATION     )   CASE NO. 3:08-cv-1747-CRB
    This document relates to          )
21                                    )   **PFIZER INC., PHARMACIA
    ANITA D. ARMSTRONG, et al.,       )   CORPORATION, AND G.D.
22                                    )   SEARLE LLC'S ANSWER TO
            Plaintiffs,               )   COMPLAINT**
23                                    )
            vs.                       )   **JURY DEMAND ENDORSED
24                                    )   HEREIN**
    PFIZER, INC., PHARMACIA CORPORATION, )
25  and G.D. SEARLE, LLC,             )
                                      )
26          Defendants.               )
                                      )
27  _____   )

28

*(Left margin vertical text:)* Gordon & Rees, LLP / 275 Battery Street, Suite 2000 / SanFrancisco, CA 94111

1      NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2 "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3 (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4 "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5 respectfully show the Court as follows:

6 **I.**

7 **PRELIMINARY STATEMENT**

8      The Complaint does not state in sufficient detail when Plaintiffs and Decedents were

9 prescribed or used Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be

10 drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals

11 the specific time periods in which Plaintiffs and Decedents were prescribed and used Bextra®.

12 **II.**

13 **ANSWER**

14 1.     Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

15 deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

16 periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17 to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18 accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19 time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20 co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21 providers who are by law authorized to prescribe drugs in accordance with their approval by the

22 FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23 with its FDA-approved prescribing information.  Defendants state that the potential effects of

24 Bextra® were and are adequately described in its FDA-approved prescribing information,

25 which was at all times adequate and comported with applicable standards of care and law.

26 Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents

27 injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**SanFrancisco, CA 94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

### Response to Allegations Regarding Parties

2.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1  paragraph of the Complaint.

2  9.      Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

4  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

5  paragraph of the Complaint.

6  10.     Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

8  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

9  paragraph of the Complaint.

10  11.     Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

12  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

13  paragraph of the Complaint.

14  12.     Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

16  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

17  paragraph of the Complaint.

18  13.     Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

20  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  14.     Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

24  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

25  paragraph of the Complaint.

26  15.     Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and

28  citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this

paragraph of the Complaint.

16.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship, and relationship to Decedent, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer. Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States, including California, Illinois, and Oregon, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21.    Defendants admit that Searle is a Delaware limited liability company with its principal

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

place of business in Illinois.  Defendants admit that, as the result of a merger in April 2003, Searle became a subsidiary of Pfizer.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California and Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

23.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny committing a tort in the State of California, and deny the remaining

allegations in this paragraph of the Complaint.

26.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of California.   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

## Response to Allegations Regarding Interdistrict Assignment

27.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

## Response to Factual Allegations

28.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including Louisiana, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

30.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1  38.     Defendants are without knowledge or information sufficient to form a belief as to the

2  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

3  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

4  effective when used in accordance with its FDA-approved prescribing information.  Defendants

5  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

6  remaining allegations in this paragraph of the Complaint.

7  39.     Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information.  Defendants

11  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

12  remaining allegations in this paragraph of the Complaint.

13  40.     Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

16  effective when used in accordance with its FDA-approved prescribing information.  Defendants

17  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

18  remaining allegations in this paragraph of the Complaint.

19  41.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

24  remaining allegations in this paragraph of the Complaint.

25  42.     Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1   deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

2   remaining allegations in this paragraph of the Complaint.

3   43.     Defendants are without knowledge or information sufficient to form a belief as to the

4   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

6   effective when used in accordance with its FDA-approved prescribing information.  Defendants

7   deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

8   remaining allegations in this paragraph of the Complaint.

9   44.     Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

14  remaining allegations in this paragraph of the Complaint.

15  45.     Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

17  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  deny any wrongful conduct, deny that Bextra® caused Plaintiff or Decedent injury or damages,

20  and deny the remaining allegations in this paragraph of the Complaint.

21  46.     Defendants are without knowledge or information sufficient to form a belief as to the

22  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23  Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

24  effective when used in accordance with its FDA-approved prescribing information.  Defendants

25  deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

26  remaining allegations in this paragraph of the Complaint.

27  47.     Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1   Bextra® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny the remaining the allegations in this paragraph of the Complaint.

4   48.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10  accordance with their approval by the FDA.  Defendants admit that they provided FDA-

11  approved prescribing information regarding Bextra®.   Defendants deny the remaining

12  allegations in this paragraph of the Complaint.

13  49.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

14  steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that, as stated in the FDA-

15  approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

16  prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

17  therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

18  (COX-1)."  Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

19  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

20  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

21  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

22  allegations in this paragraph of the Complaint.

23  50.     Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph

28  of the Complaint.

1    51.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

3    Decedents used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was

4    and is safe and effective when used in accordance with its FDA-approved prescribing

5    information.  Defendants state that the potential effects of Bextra® were and are adequately

6    described in its FDA-approved prescribing information, which was at all times adequate and

7    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

8    and deny the remaining the allegations in this paragraph of the Complaint.

9    52.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants admit that they provided FDA-approved prescribing information regarding

14   Bextra®.  Defendants deny the remaining the allegations in this paragraph of the Complaint.

15   53.    Defendants state that Bextra® was and is safe and effective when used in accordance

16   with its FDA-approved prescribing information.  Defendants state that the potential effects of

17   Bextra® were and are adequately described in its FDA-approved prescribing information,

18   which was at all times adequate and comported with applicable standards of care and law.

19   Defendants deny any wrongful conduct and deny the remaining the allegations in this paragraph

20   of the Complaint.

21   54.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

23   Decedents used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was

24   and is safe and effective when used in accordance with its FDA-approved prescribing

25   information.  Defendants state that the potential effects of Bextra® were and are adequately

26   described in its FDA-approved prescribing information, which was at all times adequate and

27   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

28   deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111

1    the allegations in this paragraph of the Complaint.

2                    **Response to First Cause of Action: Products Liability**

3    55.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4    Complaint as if fully set forth herein.

5    56.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is required.  To the extent that a response is deemed required, Defendants

7    are without knowledge or information sufficient to form a belief as to the truth of the

8    allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used

9    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Bextra® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

14   Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiffs or

15   Decedents injury or damages, and deny the remaining allegations this paragraph of the

16   Complaint, including all subparts.

17   57.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18   and co-promoted Bextra® in the United States, including California, to be prescribed by

19   healthcare providers who are by law authorized to prescribe drugs in accordance with their

20   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

21   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

22   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

23   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24   admit that they provided FDA-approved prescribing information regarding Bextra®.

25   Defendants deny the remaining the allegations in this paragraph of the Complaint.

26   58.    Defendants admit that Bextra® was expected to reach consumers without substantial

27   change from the time of sale.  Defendants are without knowledge or information sufficient to

28   form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

-14-

whether Plaintiffs and Decedents used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations this paragraph of the Complaint.

59.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra®, and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

60.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

61.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

the Complaint.

62.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

63.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedents used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

64.      Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

65.      Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111

1  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents

2  injury or damages, and deny the remaining allegations this paragraph of the Complaint.

3  66.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or

4  Decedents injury or damages, and deny the remaining allegations this paragraph of the

5  Complaint.

6  **Response to Second Cause of Action: Warranty of Redhibition**

7  67.     Defendants state that Bextra® was and is safe and effective when used in accordance

8  with its FDA-approved prescribing information.  Defendants state that the potential effects of

9  Bextra® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of

12  the Complaint.

13  68.     Defendants state that this paragraph of the Complaint contains legal contentions to

14  which no response is required.  To the extent that a response is deemed required, Defendants

15  state that Bextra® was and is safe and effective when used in accordance with its FDA-

16  approved prescribing information.  Defendants state that the potential effects of Bextra® were

17  and are adequately described in its FDA-approved prescribing information, which was at all

18  times adequate and comported with applicable standards of care and law.  Defendants deny any

19  wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

20  69.     Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

22  Decedents used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was

23  and is safe and effective when used in accordance with its FDA-approved prescribing

24  information.  Defendants state that the potential effects of Bextra® were and are adequately

25  described in its FDA-approved prescribing information, which was at all times adequate and

26  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

27  deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations

28  this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

-17-

70.    Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

71.    Defendants deny any wrongful conduct and deny the remaining allegations this paragraph of the Complaint.

### Response to Allegations Regarding Damages

72.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

74.    Answering the first unnumbered paragraph following Paragraph 73 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint.

75.    Answering the second unnumbered paragraph following Paragraph 73 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs or Decedents injury or damages, and deny the remaining allegations this paragraph of the Complaint, including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1

### Second Defense

2    2.    Bextra® is a prescription medical product.  The federal government has preempted the

3    field of law applicable to the labeling and warning of prescription medical products.

4    Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

5    federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

6    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

7    and violate the Supremacy Clause of the United States Constitution.

8

### Third Defense

9    3.    At all relevant times, Defendants provided proper warnings, information and

10   instructions for the drug in accordance with generally recognized and prevailing standards in

11   existence at the time.

12

### Fourth Defense

13   4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

14   Bextra® conformed to the generally recognized, reasonably available, and reliable state of

15   knowledge at the time the drug was manufactured, marketed and distributed.

16

### Fifth Defense

17   5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

18   applicable Statute of Limitations, and same is pleaded in full bar of any liability as to

19   Defendants.

20

### Sixth Defense

21   6.    Plaintiffs' action is barred by the statute of repose.

22

### Seventh Defense

23   7.    If Plaintiffs or Decedents sustained any injuries or incurred any losses or damages as

24   alleged in the Complaint, the same were caused by the negligence or fault of Plaintiffs or

25   Decedents and Plaintiffs' damages, if any, are barred or reduced by the doctrines of

26   comparative fault and contributory negligence and by the failure to mitigate damages.

27

### Eighth Defense

28   8.    The proximate cause of the loss complained of by Plaintiffs are not due to any acts or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

2  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

3  liable in any way.

4  **Ninth Defense**

5  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

6  intervening causes for which Defendants cannot be liable.

7  **Tenth Defense**

8  10.    Any injuries or expenses incurred by Plaintiffs or Decedents were not caused by

9  Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

10  operation of nature, or act of God.

11  **Eleventh Defense**

12  11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs or

13  Decedents.

14  **Twelfth Defense**

15  12.    A manufacturer has no duty to warn patients or the general public of any risk,

16  contraindication, or adverse effect associated with the use of a prescription medical product.

17  Rather, the law requires that all such warnings and appropriate information be given to the

18  prescribing physician and the medical profession, which act as a "learned intermediary" in

19  determining the use of the product.  Bextra® is a prescription medical product, available only

20  on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' and

21  Decedents' treating and prescribing physicians.

22  **Thirteenth Defense**

23  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

24  time it left the control of the manufacturer or seller.

25  **Fourteenth Defense**

26  14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

27  for its intended use and the warnings and instructions accompanying Bextra® at the time of the

28  occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**SanFrancisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs and Decedents was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs or Decedents sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' and Decedents' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs and Decedents knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

1  Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

2  and Plaintiffs' causes of action are preempted.

3  **Twenty-third Defense**

4  23.   Plaintiffs' claims are barred in whole or in part by the deference given to the primary

5  jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

6  issue under applicable federal laws, regulations, and rules.

7  **Twenty-fourth Defense**

8  24.   Plaintiffs' claims are barred in whole or in part because there is no private right of

9  action concerning matters regulated by the Food and Drug Administration under applicable

10  federal laws, regulations, and rules.

11  **Twenty-fifth Defense**

12  25.   Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

13  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

14  of Comment j to Section 402A of the Restatement (Second) of Torts.

15  **Twenty-sixth Defense**

16  26.   Plaintiffs' claims are barred or limited to a product liability failure to warn claim

17  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

18  Restatement (Second) of Torts § 402A, Comment k.

19  **Twenty-seventh Defense**

20  27.   Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

21  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

22  to § 6 of the Restatement (Third) of Torts: Products Liability.

23  **Twenty-eighth Defense**

24  28.   Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

25  Products Liability.

26  **Twenty-ninth Defense**

27  29.   To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts

28  sufficient under the law to justify an award of punitive damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1

**Thirtieth Defense**

2    30.    The imposition of punitive damages in this case would violate Defendants' rights to

3    procedural due process under the Fourteenth Amendment of the United States Constitution and

4    the Constitution of the States of California and Louisiana, and would additionally violate

5    Defendants' right to substantive due process under the Fourteenth Amendment of the United

6    States Constitution.

7

**Thirty-first Defense**

8    31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

9    Fourteenth Amendments to the United States Constitution.

10

**Thirty-second Defense**

11    32.    The imposition of punitive damages in this case would violate the First Amendment to

12    the United States Constitution.

13

**Thirty-third Defense**

14    33.    Plaintiffs' punitive damage claims are preempted by federal law.

15

**Thirty-fourth Defense**

16    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

17    representation, this action is barred as there was no reliance upon representations, if any, of

18    Defendants.

19

**Thirty-fifth Defense**

20    35.    Plaintiffs and Decedents failed to provide Defendants with timely notice of any alleged

21    nonconformance to any express representation.

22

**Thirty-sixth Defense**

23    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

24    proof of causation, the claims violate Defendants' rights under the United States Constitution.

25

**Thirty-seventh Defense**

26    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

27    labeling with respect to the subject pharmaceutical products were not false or misleading and,

28    therefore, constitute protected commercial speech under the applicable provisions of the United

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

States Constitution.

## Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the States of California and Louisiana.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs and Decedents; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and Decedents and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111

and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiffs or Decedents sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred because Plaintiffs' and Decedents' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs and Decedents, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs or Decedents.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs and Decedents did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.    The claims must be dismissed because Plaintiffs and Decedents would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs and Decedents.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Administration under the Federal Food, Drug, and Cosmetic Act.

2    ### Fifty-third Defense

3    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

4    comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

5    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

6    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

7    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

8    and with the specific determinations by FDA specifying the language that should be used in the

9    labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

10    Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

11    United States.

12    ### Fifty-fourth Defense

13    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

14    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

15    ### Fifty-fifth Defense

16    55.    Defendants state on information and belief that the Complaint and each purported cause

17    of action contained therein is barred by the statutes of limitations contained in California Code

18    of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

19    may apply.

20    ### Fifty-sixth Defense

21    56.    Defendants state on information and belief that any injuries, losses, or damages suffered

22    by Plaintiffs or Decedents were proximately caused, in whole or in part, by the negligence or

23    other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs'

24    recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

25    1431.2.

26    ### Fifty-seventh Defense

27    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

28    Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

2   damages is also barred under California Civil Code § 3294(b).

3   **Fifty-eighth Defense**

4   58.    Defendants reserve the right to supplement their assertion of defenses as they continue

5   with their factual investigation of Plaintiffs' claims.

6   **V.**

7   **PRAYER**

8   WHEREFORE, Defendants pray for judgment as follows:

9   1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

10  2.    That the Complaint be dismissed;

11  3.    That Defendants be awarded their costs for this lawsuit;

12  4.    That the trier of fact determine what percentage of the combined fault or other liability

13        of all persons whose fault or other liability proximately caused Plaintiffs' and

14        Decedents' alleged injuries, losses or damages is attributable to each person;

15  5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

16        than an amount which equals their proportionate share, if any, of the total fault or other

17        liability which proximately caused Plaintiffs' and Decedents' injuries and damages; and

18  6.    That Defendants have such other and further relief as the Court deems appropriate.

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA 94111

1   May 30, 2008                          GORDON & REES LLP

2

3                                         By: :_____/s/_____
4                                            Stuart M. Gordon
                                             sgordon@gordonrees.com
5                                            Embarcadero Center West
                                             275 Battery Street, 20th Floor
6                                            San Francisco, CA 94111
                                             Telephone:  (415) 986-5900
7                                            Fax:  (415) 986-8054

8   May 30, 2008                          TUCKER ELLIS & WEST LLP
                                          .
9

10                                        By: :_____/s/_____
11                                           Michael C. Zellers
                                             michael.zellers@tuckerellis.com
12                                           515 South Flower Street, Suite 4200
                                             Los Angeles, CA  90071-2223
13                                           Telephone:  (213) 430-3400
                                             Fax:  (213) 430-3409
14
                                             Attorneys for Defendants
15                                           PFIZER INC., PHARMACIA
                                             CORPORATION, AND G.D. SEARLE
16                                           LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111

-29-

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

May 30, 2008                                    GORDON & REES LLP


By: :_____/s/_____
     Stuart M. Gordon
     sgordon@gordonrees.com
     Embarcadero Center West
     275 Battery Street, 20th Floor
     San Francisco, CA  94111
     Telephone:  (415) 986-5900
     Fax:  (415) 986-8054

May 30, 2008                                    TUCKER ELLIS & WEST LLP


By: :_____/s/_____
     Michael C. Zellers
     michael.zellers@tuckerellis.com
     515 South Flower Street, Suite 4200
     Los Angeles, CA 90071-2223
     Telephone:  (213) 430-3400
     Fax:  (213) 430-3409

     Attorneys for Defendants
     PFIZER INC., PHARMACIA
     CORPORATION, AND G.D. SEARLE
     LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
SanFrancisco, CA  94111